## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JISELLE ANDREWS, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| NIKE, INC., | : | **No. 21-2793** |
| *Defendant* | : | |

### MEMORANDUM

PRATTER, J.                                                          OCTOBER ___, 2021

Jiselle Andrews filed suit in the Court of Common Pleas of Philadelphia County on June 7, 2021 seeking damages "in excess of $50,000" arising from a tort claim alleging that a rodent jumped out of a shoe box in a Nike store. Ms. Andrews seeks damages for injuries, including a left shoulder sprain and strain, neck strain, low back strain, and "severe and permanent shock to [her] nerves and nervous system." Compl. ¶ 12, Doc. No. 1, Ex. A. Ms. Andrews is a resident of Trinidad, and Nike, Inc. is a business incorporated and headquartered in Oregon. *Id.* ¶ 1–2.

Nike timely removed the action alleging that this Court has subject matter jurisdiction based on 28 U.S.C. § 1332 because the parties are diverse and "Plaintiff's claimed damages are in excess of $75,000." Doc. No. 1, Notice of Removal ¶ 12.[1] Ms. Andrews filed the instant Motion to Remand for lack of subject matter jurisdiction. Doc. No. 12.[2]

### LEGAL STANDARD

This Court has subject matter jurisdiction based on diversity if the controversy is (1) between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy applies to both removed cases and those originally

---

[1] However, Nike does not dispute that Ms. Andrew's damages fall below $150,000 for arbitration purposes. Doc. No. 1, at 2.

[2] While Ms. Andrews filed her motion to remand more than 30 days after the notice of removal, the 30-day time bar does not apply to remand based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

filed in federal court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).
When assessing a motion to remand for lack of subject matter jurisdiction, "all doubts [should
be] resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

"The plaintiff, as master of the complaint, may make a genuine choice to limit the relief
sought." *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 204 (3d Cir. 2021). It
is "a long-accepted practice" for a plaintiff to "decide[] to limit his or her damages claim to an
amount below the amount-in-controversy threshold in order to avoid removal based on diversity
jurisdiction." *Id.* "If the plaintiff's complaint, filed in state court, demands monetary relief of a
stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart
Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting § 1446(c)(2)).

"Because Pennsylvania does not allow a demand for a specific sum of money where
damages are not liquidated, the plaintiff can only request damages in excess of or less than the
amount for determining eligibility for arbitration." *Intzekostas v. Atria Ctr. City*, No. 20-cv-5540,
2020 WL 7769736, at *3 (E.D. Pa. Dec. 29, 2020) (citing Pa. R. Civ. P. 1021(b)). "When the
plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal
may do so." *Dart Cherokee Basin*, 574 U.S. at 84 (citing § 1446(c)(2)(A)). However, if the
plaintiff contests the amount in controversy asserted by the removing defendant, the parties must
put on evidence, and the defendant must show by a preponderance of the evidence that the amount-
in-controversy is met. *Id.* at 88. In making this determination, the Court generally looks to the
complaint, but can look to other proofs. *See id.* at 88–89. These proofs may include post-
complaint settlement demands made by the plaintiff. *Ciancaglione v. Sutherlin*, No. 04-cv-2249,
2004 WL 2040342, at *2 (E.D. Pa. Sept. 13, 2004) (noting that courts "may look to the notice of

removal, stipulations, and discovery evidence, including any settlement demands the plaintiff may have made") (internal citations omitted).

## DISCUSSION

### I.    The Parties' Respective Arguments

Nike argues that Ms. Andrews's complaint meets the $75,000 amount-in-controversy requirement because she seeks "in excess of" $50,000 and asserts severe injuries that "will continue for an indefinite time into the future." Doc. No. 1, Notice of Removal ¶¶ 14 n.1, 15. Specifically, Nike emphasizes that Ms. Andrews alleges "severe and permanent injuries to the head, body, and limbs requiring medical treatment, pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, an inability to participate in normal life activities, and a loss of earnings and earning capacity." *Id.*

Ms. Andrews objects to the allegation that her damages exceed $75,000. She does so by introducing evidence that she made a formal settlement demand for $74,500 on July 16, 2021 and then reiterated this amount in an August 10, 2021 letter. Doc. No. 12-1, at 3.[3] She argues that her complaint presents "a simple premises liability matter wherein the Plaintiff was injured by a rat or rodent of some type while shopping for shoes and she sustained soft tissue injuries and underwent physical therapy." Doc. No. 12-1, at 6.

### II.    Nike Has Not Met Their Burden

Ms. Andrews has introduced evidence that she has limited her claim to a sum below $75,000. *See* Doc. No. 12-5, Ex. C & Doc. No. 12-6, Ex. D. Specifically, her post-complaint

---

[3] Ms. Andrews asserts that the "as noted in Exhibits C and D, Plaintiff was willing to stipulate with Defendant to cap damages at $75,000.00 and remand to the Philadelphia Court of Common Pleas." Doc. No. 12-1, at 3. This is a fair inference from Exhibits C and D, but such a stipulation is not explicitly stated. The settlement demand alone provides a sufficient basis for the Court's analysis.

settlement demand assesses the value of her case as $74,500, below the jurisdictional threshold. Doc. No. 12-5, Ex. C, at 2.

Nike cites *Dart Cherokee Basin* for the proposition that "[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Doc. No. 1, Notice of Removal ¶ 14 (quoting *Dart Cherokee Basin*, 574 U.S. at 89). However, the opinion then explains that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. Because Ms. Andrews does contest Nike's allegation, the burden shifts back to Nike.

Nike has not responded to the motion to remand,[4] and has not produced any evidence that the amount in controversy exceeds $75,000. As the master of her complaint, Ms. Andrews has limited the amount in controversy to less than $75,0000, as demonstrated in her settlement demand. As a result, Nike has not met its burden to demonstrate that this Court has diversity jurisdiction.

## CONCLUSION

For these reasons, the Court will remand the case. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4] The Motion to Remand was filed on September 24, 2021, so any response was due on or before October 8, 2021 under Local Rule of Civil Procedure 7.1(c). The Court recognizes that typically "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied," but Nike has not submitted such proof here. *Dart Cherokee Basin*, 574 U.S. at 88. The Court will treat the Motion to Remand as unopposed for these purposes.